## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GOLDEN TREE INC., | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | CASE NUMBER: 19-62090-SMS |
| | ) | |
| _____ | ) | CHAPTER 11 |
| | ) | |
| SIASIM REDAN, LLC, | ) | JUDGE SIGLER |
| | ) | |
| Movant, | ) | |
| | ) | CONTESTED MATTER |
| v. | ) | |
| | ) | |
| GOLDEN TREE INC., | ) | |
| | ) | |
| Respondent. | ) | |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that SIASIM REDAN, LLC ("Movant"), has filed its Motion for Relief from Stay and related papers with the Court seeking an order lifting the automatic stay as it relates to Debtor, and enable Movant to proceed with dispossessory proceedings against Debtor.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion for Relief from Stay in **Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia at 10:00 a.m. on October 23, 2019**.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case (if you do not have an attorney, you may wish to consult one). If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk of Court at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk of Court at least two (2) business days before the hearing. The address of the Clerk's Office is: Clerk, United States Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW,

Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Respectfully submitted this 2nd day of October, 2019.

MILLS & HOOPES, LLC
*Attorneys for Movant*

*/s/ Eckhart Blackert*
Eckhart Blackert
Georgia Bar Number 060464

1550 North Brown Road
Suite 130
Lawrenceville, Georgia 30043
Tel. (770) 513-8111
Fax (770) 513-8150
eckhart@millshoopeslaw.com

## Certificate of Service

I, Eckhart Blackert, certify that I am over the age of 18 and that on October 2, 2019, I served a copy of the foregoing Motion for Relief from Stay and Notice of Hearing by First Class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Kennon Peebles, Jr.
The Law Office of Kennon Peebles, Jr.
3296 Summit Ridge Pkwy
Suite 1720
Duluth, Georgia 30096
(470) 395-4427
kennon@peebleslaw.net


Thomas Wayne Dworschak
Office of the U. S. Trustee
Room 362
75 Ted Turner Drive, SW

Atlanta, GA 30303
(404) 331-4437
thomas.w.dworschak@usdoj.gov

As well as all others listed in the attached Debtor's Creditor's Matrix.

Respectfully submitted this 2nd day of October, 2019.

MILLS & HOOPES, LLC
*Attorneys for Movant*

*/s/ Eckhart Blackert*
Eckhart Blackert
Georgia Bar Number 060464

1550 North Brown Road
Suite 130
Lawrenceville, Georgia 30043
Tel. (770) 513-8111
Fax (770) 513-8150
eckhart@millshoopeslaw.com

# Creditors

**DeKalb County**
4380 Memorial Dr Ste 100
Decatur, GA 30032-1239

(22516792)
(cr)

**DeKalb County Water & Sewer**
774 Jordan Ln Ste 200
Decatur, GA 30033-5700

(22516793)
(cr)

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101-7346

(22516794)
(cr)

**Jong S. Kim**
c/o Greg Golden
3490 Piedmont Road One Securities Ctr #
Atlanta, GA 30301

(22516795)
(cr)

**Michael Pmphrey**
c/o The Zagoria Law Firm, LLC
2801 Buford Hwy NE Ste T25
Atlanta, GA 30329-2142

(22516796)
(cr)

**Nancy Stein**
c/o Mark D. Welsh
2600 Century Pkwy NE Ste 100
Atlanta, GA 30345-3104

(22516797)
(cr)

**Saehan Bank**
SBA Department
3580 Wilshire Blvd Ste 1500
Los Angeles, CA 90010-2516

(22516798)
(cr)

**Siasim Redan, LLC**
c/o Mills & Hoopes, LLC
1550 N Brown Rd Ste 130
Lawrenceville, GA 30043-8154

(22516799)
(cr)

**Steven C. Chen**
c/o Mark D. Welsh
2600 Century Pkwy NE Ste 100
Atlanta, GA 30345-3104

(22516800)
(cr)

**United States Attorney**
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

(22518843)
(cr)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| GOLDEN TREE INC., | ) | CASE NO. 19-62090-SMS |
| | ) | |
| | ) | |
| Debtor, | ) | |
| --------------------------------------------------------- | ) | |
| | ) | |
| | ) | |
| SIASIM REDAN, LLC, | ) | |
| | ) | |
| Movant | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| GOLDEN TREE INC., | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR RELIEF FROM STAY**

COMES NOW, 1615 Siasim Redan, LLC (hereinafter, "Movant"), a secured creditor

and real party in interest in the above styled action, and requests the Court to lift, modify or

terminate the automatic stay. In support thereof, Movant respectfully shows this Court as

follows:

**I.     Jurisdiction**

Golden Tree Inc. (hereinafter, "Debtor" or "Debtor in Possession") filed its voluntary

petition for relief under Chapter 11 of the Bankruptcy Code on August 4th, 2019 (the "Petition

Date"). The Debtor is in possession of its property and is operating its business as a debtor-in-

possession under sections 1107 and 1108 of the Bankruptcy Code. This matter is a core proceeding over which the Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §1471 and 11 U.S.C. §362 and §363. Venue is proper in this Court.

## II. Factual Background

### a. Real Party in Interest

Movant is the legal assignee and owner of the first priority debt encumbering a certain tract of real property located in DeKalb County and known as 1046-1050 Holcombe Road (the "Property"). The Property consists of approximately 1.36 acres of land improved with an 11,500 square foot convenience store/gasoline station (together with five (5) attached retail suites) which Debtor has allowed to fall into complete disrepair.

Movant was assigned the debt by Metro City Bank on May 3, 2018, by virtue of that certain Assignment of Mortgage Security Instruments (hereinafter, "2018 Assignment"), as recorded in Deed Book 26926, Page 710, DeKalb County real estate records, all to secure payment of an April 6th, 2016 first renewal promissory note in the principal amount of $913,138.30 and a second April 6th, 2016 renewal promissory note in the principal amount of $449,234.29 (collectively the "Renewal Notes") between Debtor and Metro City Bank. Debtor in turn further granted certain Modified Deeds to Secure Debt (the "2016 Security Deeds") on April 6th, 2016 for the Property to Metro City Bank to secure same. A true and correct copy of the 2018 Assignment, the 2016 Renewal Notes and 2016 Modified Security Deeds, are attached hereto as Exhibits A, B and C, respectively (together the documents referenced herein, together with all cross-referenced previously executed original notes, security deeds, UCC financing statements, amendments, modifications, extensions, assignments, renewals or otherwise thereof, are refenced to herein as the "Loan Documents").

Movant is the lawful owner and holder of the Loan Documents. By virtue of the Loan Documents and under Georgia law, Movant is legally entitled to payment of the full balance of the Notes, to foreclose upon the Property under the terms of the Security Deeds, or both. Therefore, Movant is the real party in interest and is the proper party to bring this Motion.

### b.  Default Under Loan Documents/First Chapter 11 Filing

At the time of the assignment of the Loan Documents to Movant on May 3, 2018, Debtor had already failed to tender any payments to Movant's predecessor in interest Metro City Bank since in or about January, 2018, such that Metro City Bank had already declared Debtor in default of its obligations under the Renewal Notes, and had noticed Debtor of its intention to commence foreclosure proceedings under the terms of the Loan Documents accordingly. Subsequent to notifying Debtor if its default and demanding cure thereof, the Loan Documents were assigned to Movant. Movant sent a "Notice of New Holder of Notes" letter to Debtor on May 24, 2018, through Debtor's then counsel, of its assignee status along with instructions as to where future payments should be directed, and further notice of Debtor's current default status. A true and copy of this letter is attached as Exhibit D. No payments were ever received from Debtor by Movant. Movant subsequently sent its "Notice of Sale Under Power" to Debtor on June 29, 2018, noticing Debtor of its intention to foreclose upon the Property on August 7, 2018. Movant advertised the foreclosure sale in the legal organ for DeKalb County for the required statutory period under Georgia law; however Debtor, solely in an attempt to frustrate and prevent the foreclosure of the Property, filed its first bankruptcy petition as a Chapter 7 on August 2, 2018, prior to the scheduled call of the foreclosure, as Bankruptcy Petition No. **18-62776-SMS.** Debtor then subsequently elected to convert its case to a Chapter 11 proceeding, which was granted by the Court on December 21, 2018. However, evidencing the delay mechanism for which the Debtor solely

utilized the automatic stay in its previous bankruptcy filing, as opposed to attempting reorganization efforts, is the fact that Debtor substantially failed to comply with its responsibilities and obligations as a Debtor in Possession, including but not limited to, failing to file Monthly Operating Reports and pay the appropriate quarterly fees owed to the United States Trustee. Pursuant to the United States Trustee's "Motion to Dismiss or Convert Case" brought under 11 U.S.C. § 1112(b), Bankruptcy Rule 2015, 11 U.S.C. § 1112(b)(4)(K) and 11 U.S.C. § 1112(b)(4)(F) on April 10, 2019, the Court entered an Order dismissing Debtor's previous Chapter 11 on **June 20, 2019**. [Petition No. 18-62776-SMS; Docs. 25, 35].

Following dismissal of Debtor's previous bankruptcy, Movant sent to Debtor its "Notice of Sale Under Power" letter on June 24, 2019, noticing Debtor of its intention to foreclose upon the Property on August 6, 2019. Movant again advertised the foreclosure sale in the legal organ for DeKalb County for the required statutory period under Georgia law; however Debtor filed the instant Chapter 11 matter on August 4, 2019, its second bankruptcy filing, *exactly one month and sixteen (16) days* from the date that Debtor's previous bankruptcy was dismissed.

### c. Insignificant Operations

Debtor's business consists of acting as a landlord at the Property, which is "Single Asset Real Estate" as that term is defined by 11 U.S.C. § 101(51B), and where gross revenues from rental income have been decreasing for Debtor year over year—upon information and belief, total monthly gross rental revenue is not greater than $6,000.00. The "anchor" convenience store/gasoline station has sat vacant since on or about October, 2018, and not all of the remaining five (5) physically attached ancillary retail spaces are filled with any tenants. Debtor conducts no other operations whatsoever on the Property. In fact, Debtor has allowed the Property to become an eyesore complete with overflowing refuse in parts, cracking common area parking lots and roof

deterioration/water damage. The Property generate hardly any revenue or income. Although Debtor is required to file Monthly Operating Reports pursuant to Federal Rule of Bankruptcy Procedure 2015, Debtor has yet again, failed to file even its initial Monthly Operating Report for August, 2019 due by September 21, 2019, nor had it opened its Debtor in Possession bank account as of the first notice Rule 341 hearing date of September 12, 2019. Debtor's ability to conduct any appreciable operations or generate sufficient revenue or income is dependent upon the sale of the Property itself, as opposed to the conducting of any separate and distinct operations on the Property.

Debtor's failure to maintain and/or improve the Property in any respect, has resulted in the need for significant repairs to both the communal roof and parking lot areas, to say nothing of regular minimum maintenance such as painting and building upkeep, together which Movant estimates will be in excess of $300,000.00. Of further concern to Movant, is that Debtor has failed to pay its ad valorem property taxes owed to DeKalb County in the amount of $19,776.23, such that Movant was forced to pay same to avoid a tax sale from occurring in the interim period. Still also pending upon information and belief, is an outstanding indebtedness of not less than $30,000.00 owed to DeKalb County for water/sanitation sewer by Debtor. The continued deterioration of the Property set forth herein, directly reduces the value of the Property and further deteriorates the Movant's security position. No adequate security payments of any kind have been made by Debtor to Movant, nor has Debtor filed any "first day" type Chapter 11 motions, such as for authorization to use cash collateral, upon which Movant maintains a claim by way of an assignment of rents provision through the Loan Documents.

Finally, it is unknown to Movant whether or not Debtor is maintaining insurance on the

Property as required by the Bankruptcy Code, beyond a period set to run through the previous month, upon information and belief. Beyond same, it is further unknown whether Debtor has caused such insurance to list Movant as an additional insured party of first priority as required under the Loan Documents.

### III.    ARGUMENT AND CITATION TO AUTHORITY

#### a.  Motion for Relief From Automatic Stay

##### i.   Cause Exists to Grant Relief from the Automatic Stay Including Lack of Adequate Protection

11 U.S.C. *§* 362(d)(l) provides that the bankruptcy court shall grant relief from the automatic stay "for cause, including the lack of adequate protection... " Debtor is in material default under the terms of the Loan Documents. Since assignment to Movant and for many months previous to same, Debtor has failed to pay upon the balances of the loans or otherwise make any payments to Movant or its predecessor in interest, despite repeated demand. Further, because Debtor could not afford to pay the ad valorem property taxes assessed on the Property for 2018, which is also a default under the terms of the Loan Documents, Movant was required to pay a total of $19,776.23, in ad valorem property taxes for Debtor in order to preserve its collateral.

The Loan Documents provide that upon Debtor's default under the terms of either the Note or Security Deed, Movant may, after giving notice to Debtor, proceed to foreclose on the Property in accordance with Georgia law. Movant subsequently sent its "Notice of Sale Under Power" to Debtor on June 29, 2018, noticing Debtor of its intention to foreclose upon the Property on August 7, 2018. Debtor filed its first bankruptcy petition as a Chapter 7 on August 2, 2018, prior to the scheduled call of the foreclosure, as Bankruptcy Petition No. 18-62776-SMS. The Court entered an Order dismissing Debtor's previous Chapter 11 on June 20, 2019, following the filing of a

Motion to Dismiss or Convert by the United States Trustee. [Petition No. 18-62776-SMS; Docs. 25, 35]. Movant then sent to Debtor its "Notice of Sale Under Power" letter on June 24, 2019, noticing Debtor of its intention to foreclose upon the Property on August 6, 2019. Movant again advertised the foreclosure sale in the legal organ for DeKalb County for the required statutory period under Georgia law; however Debtor filed the instant Chapter 11 matter on August 4, 2019, its second bankruptcy filing, exactly one month and sixteen (16) days from the date that Debtor's previous bankruptcy was dismissed.

Debtor is in substantial and material default under the terms of the Loan Documents. Debtor has failed to make payments to Movant and will continue to fail to make payments because Debtor conducts no operations which would generate sufficient revenue or income to pay Debtor's ongoing monthly business obligations. Movant is legally entitled under Georgia law to foreclose under the terms of the Loan Documents. Therefore, cause exists to terminate, lift or modify the automatic stay to permit Movant to foreclose on the Property.

Further, Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(l) because Movant is not adequately protected. First, Debtor has not and cannot make regular adequate protection payments to Movant because Debtor conducts no operations and generates insufficient income or revenue and has no other sources of money. Second, Debtor is unable to provide Movant with the "indubitable equivalent" of its interest in the Property by any other means such as an additional lien on unencumbered land or a replacement lien on an equally valuable tract of land. Third, and most importantly, the value of the Property is less than the total amount of debt owed to Movant. As of the date of filing of Debtor's instant Chapter 11, the total outstanding amount of debt owed to Movant is approximately $1,631,758.10. This amount is comprised of $1,343,419.40 in outstanding principal balance, $174,625.54 in accrued but unpaid interest (accruing at a default rate of prime, plus 1.25%,

plus 4% per annum or $368.06 per diem between the two Renewal Notes), 5% late fee of $68,436.22, $19,776.23 in ad valorem property taxes paid by Movant on Debtor's behalf, Movant's attorney's fees of $57,500.90 as authorized by the Loan Documents, and the total of the foregoing as offset by $32,000.00 received by Movant pursuant to assignment of rents from one of the Property tenants (prior to said tenant's vacating of the Property's convenience store/gasoline station space in or about October, 2018).

The current fair market value of the property is believed to be less than $1,400,000.00. This value is supported by the most recent appraisal performed by experts in April, 2018. Further contributing to the decline in the fair market value of the Property is the subsequent vacancy of the "anchor" convenience store/gasoline station since October, 2018, as well as several attached retail space vacancies. Movant believes that the remediation costs associated with necessary capital improvements and maintenance costs could be, at a minimum, $300,000.00. Debtor's belief that the Property is worth approximately $2,700,000.00 is absurd on its face.

Given that the amount of the debt to Movant most likely equals or exceeds the fair market value of the Property, Movant is not adequately protected. There is no "equity cushion" from which Movant could derive adequate protection. Further, Debtor is unable to make any payments to Movant to offset the depreciation in the value of the Property or to offset the accrual of interest. Because Debtor cannot provide adequate protection to Movant and because Debtor is in substantial and material default under the terms of the Loan Documents, cause exists to lift or modify the automatic stay and permit Movant to foreclose on the Property.

### ii. No Equity in the Property and the Property is Not Needed for An Effective Reorganization

11 U.S.C. § 362(d)(2) provides that the bankruptcy court shall grant relief from the automatic stay "with respect to a stay of an act against property…if…(A) the debtor does not

have an equity in such property; and (B) such property  is not necessary to an effective reorganization." Here, Debtor has no equity in the Property and it is not needed for an effective reorganization because Debtor has no reasonable prospect for a successful reorganization in this case. Therefore, Movant is entitled to relief under 11 U.S.C. §362(d)(2).

As discussed above, Debtor has no equity m the Property because the amount of debt owed to Movant most likely equals or exceeds the fair market value of the Property. Moreover, the Property is further encumbered by a junior lien in the amount of $2,800,000.00 in favor of Saehan Bank. Thus the total amount of debt encumbering the Property (Movant's and all others) equals more than even the Debtor's own inflated valuation of the Property, in any event. The amount of the debt to Movant alone continues to increase with each day of accruing interest, plus all other expenses being incurred by Movant. This does not include any increase in the amount of debt owed to junior lien holders.

Last, the Property is not necessary to an effective reorganization because there is no reasonable possibility that Debtor can formulate and propose a Chapter 11 plan which will be accepted by the creditors and meet the requirements for confirmation under 11 U.S.C. § 1129(a).

One of the most basic required elements for a Chapter 11 to be confirmable is that it must be feasible for the Debtor. A Chapter 11 plan is not feasible for the Debtor if the Debtor cannot generate sufficient revenue to fund the plan. A determination of feasibility necessarily requires Debtor to make financial projections based on its operations. "[P]rojections of the income necessary to finance a plan of reorganization must be based on concrete evidence of financial progress and must not be speculative, conjectural or unrealistic." *Canpartners Realty Holdings Co. IV, L.L.C v. Vallambrosa Holdings, L.L.C. (In re Vallambrosa Holdings, L.L.C.),* 419 B.R. 81, 90 (S.D. Ga. 2009). The purpose of the feasibility standard is to prevent the confirmation of

"visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation."  5  Collier  on  Bankruptcy  ¶ 1129.02, at 1129-36 (Matthew Bender, 15th Ed. Revised).

In this case, Debtor has never conducted and currently does not conduct any operations on the Property beyond those already set forth herein (or any other estate asset). Debtor has put forth no information which would suggest or demonstrate that the Property will somehow almost magically generate sufficient revenue to fund a Chapter 11 plan, including, but not limited to, financing commitments and equity investment necessary to repair, improve or even maintain the Property. *See In re Coleman,* 288 B.R. 608, 612 (Bankr. S.D. Ga. 2002) (Davis, J.), (finding grounds for dismissal because plan was wholly dependent upon an outside investor who has no binding commitment to participate and Debtor could not establish his ability to raise the necessary capital). Simply put, Debtor has no way to fund a Chapter 11 plan other than equity from an outside investor, a loan from the bank, or the sale of the Property itself.

Moreover, even if Debtor could improve the Property at some point in the future, there is no guaranty that such improvements would sell or otherwise generate sufficient revenue that Debtor could use to fund the Chapter 11 plan. *See In re Vallambrosa Holdings, L.L.C.,* 419 B.R. 81, 91 (Bania. S.D. Ga. 2009) (finding no reasonably likelihood of rehabilitation where plan proposed repay secured lender through future development.) Movant would be forced to sit and wait, without receiving any payments, while Debtor attempts to improve, repair and maintain the Property in the hopes that such improvements will ultimately generate sufficient income. Therefore any plan proposed by Debtor would not be feasible and would therefore be proposed in bad faith.

Because Debtor has no equity in the Property and because Debtor has no reasonable possibility of reorganization, Movant is entitled to relief from the automatic stay pursuant to 11

U.S.C. §362(d)(2).

Finally, Debtor has failed to commence monthly payments equal to non-default contract interest rate. Debtor has not been able to make any payments on the Notes since Movant's acquisition of same. Now, Debtor has failed to commence monthly interest payments as required by §362(d)(3). Indeed, Debtor has no ability to make such payments because it hasn't produced sufficient revenue or income since its initial Chapter 11 filing in 2018. Therefore, Movant is entitled to relief from the automatic stay under §362(d)(3), and this Court should grant Movant relief from the automatic stay to foreclose on the Property.

WHEREFORE, Movant respectfully requests:

A.      That this Court enter an Order granting Movant leave from the automatic stay of 11 U.S.C. §362(a) of the Bankruptcy Code;

B.      That this Court enter an Order modifying the automatic stay of 11 U.S.C. §362(a) of the Bankruptcy Code to permit Movant to foreclose on the Property; or

C.      For such other and further relief as this Court finds just and proper.

RESPECTFULLY SUBMITTED, this 2nd day of October, 2019.

MILLS & HOOPES, LLC

/s/ Eckhart Blackert
Eckhart Blackert
Georgia Bar No. 060464
Counsel for Siasim Redan, LLC.

1550 North Brown Road
Suite 130
Lawrenceville, GA  30043
(770) 513-8111
eckhart@millshoopeslaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all other parties in the foregoing matter with Movant's "*MOTION FOR RELIEF FROM STAY*," using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following party who has appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Kennon Peebles                              kennon@peebleslaw.net
Thomas W. Dworschak (USTP)      Thomas.W.Dworschak@usdoj.gov

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Golden Tree, Inc.
300 Scioto Ct
Duluth, GA 30097

RESPECTFULLY SUBMITTED, this 2nd day of October, 2019.

MILLS & HOOPES, LLC

*/s/* Eckhart Blackert
Eckhart Blackert
Georgia Bar No. 060464
Counsel for Siasim Redan, LLC.

1550 North Brown Road
Suite 130
Lawrenceville, GA  30043
(770) 513-8111
eckhart@millshoopeslaw.com